IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **YOUNG MANNY SCRETCHING p/k/a** | : | **CIVIL ACTION** |
| **"NITRO DELUX", et al.,** | : | |
|        **Plaintiffs,** | : | |
| | : | |
|        **v.** | : | |
| | : | |
| **BIZMONT ENTERTAINMENT, LLC d/b/a** | : | |
| **BIZMONT ENTERTAINMENT, et al.,** | : | |
|        **Defendants** | : | **NO. 05-cv-0456** |

**MEMORANDUM AND ORDER**

PRATTER, DISTRICT JUDGE                                                                                                                                  JUNE 9, 2006

       The Defendants, Bizmont Entertainment, LLC, Marcel Hall, p/k/a/ Biz Markie, Biz Productions, Inc., and Tommy Boy Entertainment, LLC, d/b/a Tommy Boy Records (collectively, the "Defendants") filed a Motion to Dismiss for Failure to Prosecute Pursuant to Federal Rule of Civil Procedure 41(b). *Pro se* Plaintiffs Michael McLean and Young Manny Scretching responded to the motion, and oral argument was scheduled to be held on the issues on June 1, 2006. Plaintiffs McLean and Scretching did not attend the oral argument as ordered by the Court. Counsel for the Defendants appeared and presented argument based upon the documented record. Having provided Plaintiffs with numerous opportunities to proceed in an acceptable fashion without their having done so, the Court must conclude that if Plaintiffs do not finally meet their minimum obligations as outlines herein, their litigation will be dismissed.

**I.    PROCEDURAL HISTORY**

       The Defendants removed this case from the Philadelphia Court of Common Pleas on February 1, 2005. In their complaint, Plaintiffs McLean, Scretching, and Nation Records, Inc.,

alleged that the Defendants illegally "sampled" a bass drum and "reggae rap" from the song "Bounce" which was written by Messrs. McLean and Scretching and marketed by Nation Records. Plaintiffs alleged six causes of action: conversion, conspiracy, concerted action, unjust enrichment, accounting, and injunctive relief. Following an initial pretrial conference, the Court issued a Scheduling Order on June 27, 2005, which provided that discovery must be completed on October 7, 2005. On September 7, 2005, Plaintiffs' then-counsel filed their first Motion to Withdraw as counsel for the Plaintiffs. The Court held a hearing on the Motion, and subsequently denied it without prejudice. The Order denying the Motion to Withdraw provided that a renewed withdrawal motion would be considered after receipt of sworn statements from the Plaintiffs demonstrating their intent to secure new counsel or proceed *pro se*, and, in the case of Nation Records, the intent to withdraw as a party or to secure new counsel.

On November 22, 2005, upon receipt of a letter from counsel for Plaintiff dated November 14, 2005, the Court issued a second Order directing Plaintiffs to submit sworn statements of their intentions to proceed *pro se*, or alternatively, to secure new counsel to enter an appearance on Plaintiffs' behalf in these proceedings on or before January 11, 2006.

Mr. McLean sent a letter to the Court dated December 21, 2005, in which Mr. McLean stated his intent to proceed *pro se* and to withdraw Nation Records as a plaintiff. Mr. McLean also requested further time for co-plaintiff Mr. Scretching to attempt to secure counsel. Upon consideration of Mr. McLean's letter, and the Defendants' response thereto, the Court issued a third Order dated January 9, 2006, in which the Court again extended the deadline for Plaintiff Scretching to submit a sworn statements and/or secure counsel to January 15, 2006.

The Court then issued an Amended Order on January 19, 2006, further extending Plaintiff

Scretching's deadline to submit a sworn statement of his intent to proceed *pro se* and/or secure new counsel to fourteen (14) days after Plaintiffs' receipt of copies of both the January 9 and January 19, 2006 Orders.  The Amended Order provided that the Court would consider a renewed motion to withdraw if Plaintiff Scretching did not submit such a statement and/or secure new counsel within the time provided.

Plaintiffs' counsel personally served the January 9 and January 19, 2006 Orders on Plaintiff Scretching and filed affidavits of service on January 26, 2006.  Thereafter, on February 17, 2006, having received from Plaintiff Scretching neither a sworn statement of his intent to proceed nor notification of counsel entering an appearance on his behalf, the Court granted counsel's Motion to Withdraw.  The February 17, 2006 Order also included a revised scheduling order, which extended deadlines so that written and documentary discovery was to be completed by May 1, 2006, some seven months later than the original discovery deadline.

On May 1, 2006, Defendants filed the instant Motion to Dismiss for Failure to Prosecute Pursuant to Federal Rule of Civil Procedure 41(b).  On May 4, 2006, the Court issued an Order requiring the Plaintiffs to file their response, if any, to Defendants' Motion not later than 5:00 p.m. on May 19, 2006.  The Plaintiffs filed a response on May 17, 2006, and served Defendants with the same.  In the May 4, 2006 Order, the Court provided that if the Plaintiffs did respond to the motion, oral argument would be held on the issues on June 1, 2006 at 2:00 p.m. Plaintiffs were ordered to appear in court for the oral argument unless they had secured new counsel and such counsel entered an appearance at least two business days before the argument.  No such

appearance was entered.[1]  As stated above, neither Plaintiff attended the oral argument as ordered by the Court.

## II. LEGAL STANDARDS

Rule 41(b) of the Federal Rules of Civil Procedure provides that:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

When deciding a motion to dismiss for failure to prosecute, the trial court must balance the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal (which entails an analysis of alternative sanctions); and (6) the meritoriousness of the claim.  Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).  Not all of the factors must be met for the trial court to find that dismissal is warranted.  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).  However, "a

---

[1] During the week of May 15, 2006, the Plaintiffs contacted the Court approximately three times requesting various clarifications of the Court's May 4, 2006 Order.  Plaintiffs were informed of the content of the order in "plain English," and each Plaintiff stated that he understood the contents of the Order.  The Plaintiffs were specifically instructed that, if no counsel entered an appearance on or before Tuesday, May 30, 2006, Plaintiffs must personally attend the oral argument scheduled by the Court for June 1, 2006, during which the Court would hear their positions on the issues.  Plaintiffs were further instructed, as per the Court's May 4, 2006 Order, to call Chambers the day before the oral argument (i.e., May 31, 2006) to learn in which courtroom the oral argument would be held.

Poulis analysis is unnecessary when a litigant's willful conduct prevents the case from going forward, thereby giving a district court no option but dismissal." Dover v. Diguglielmo, No. 05-3692, 2006 U.S. App. LEXIS 12567, at *8 (3d Cir. May 22, 2006).

The Court of Appeals for the Third Circuit has held that "dismissal is a 'drastic sanction' which should be reserved for cases 'where there is a clear record of delay or contumacious conduct by the plaintiff.'" Sebrell v. Phila. Police Dep't, 159 Fed. Appx. 371, 373 (3d Cir. 2005) (quoting Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 342 (3d Cir. 1982)). In certain cases, however, dismissal is a "necessary tool to punish parties who fail to comply with the discovery process and to deter future abuses." Hicks, 850 F.2d at 156.

Defendants argue that here the balance of the Poulis factors weigh in favor of dismissal because the Plaintiffs have failed to prosecute the action in a timely, diligent matter. Defendants point to Plaintiffs' failure to submit sworn statements to the Court regarding their intention to proceed with the case. Defendants also allege that the Plaintiffs have failed to engage in any meaningful discovery in the year and a half since the action was filed. Specifically, the Defendants allege that the Plaintiffs have not yet responded to interrogatories and requests for production of documents served almost a year ago on July 14, 2005.[2]

## II.   ANALYSIS — The Poulis Factors

The Court will proceed to analyze and weigh the Poulis factors.

---

[2] Defendants assert that Plaintiffs (while still represented by counsel) served interrogatories and requests for production of documents, which the Defendants answered on September 15 and 19, 2005.

**(1)     The extent of the Plaintiffs' personal responsibility**

The Defendants argue that the delays in the case are attributable solely to the Plaintiffs in that the Plaintiffs have failed both to meet the discovery requests and to timely respond to the Court's various Orders outlined above.

Here, the delays in the prosecution of this case occurred while Plaintiffs were represented by counsel and continued thereafter unabated without effort or explanation. With respect to the as yet unanswered discovery requests, Plaintiffs should have received those requests in July 2005, nearly two months before the first motion to withdraw, and nearly seven months before the Court granted the motion allowing the attorneys to withdraw. The Plaintiffs have been *pro se* since February 17, 2006. Where plaintiffs are *pro se*, they are directly responsible for their actions and inaction in the litigation. Clarke v. Richardson, 153 Fed. Appx. 69, 73 (3d Cir. 2005). This responsibility includes their failure to meet discovery deadlines. Roman v. City of Reading, 121 Fed. Appx. 955, 958-959 (3d Cir. 2005). Represented or not, Plaintiffs must bear responsibility for the unreasonable delays in addressing the long-overdue discovery.

With respect to the Defendants' argument that the Plaintiffs ignored the Court's Orders to submit sworn statements as to their representation intentions and/or have new counsel enter an appearance, Mr. McLean, by letter to the Court dated December 21, 2005, stated that he would represent himself and would withdraw Nation Records, Inc., from the proceedings. In that same letter, Mr. McLean requested an extension of time for Mr. Scretching to acquire counsel, which request the Court promptly granted. Thus, Mr. McLean arguably did comply with at least the spirit of the Court's Orders requiring Mr. McLean to submit a sworn statement of his intention to proceed *pro se* if he so intended and to withdraw Nation Records, Inc. if counsel for the

corporate party could not be secured.

Mr. Scretching, however, only formally finally announced his intention to proceed *pro se* in the very recent Response to the Motion to Dismiss. Therefore, Mr. Scretching must shoulder much of the responsibility for the delay with respect to his (un)counseled status as he was non-responsive to the Court's many orders to that end until May 17, 2006.

Overall, the Court finds that this factor weighs somewhat in favor of dismissal because Plaintiffs McLean and Scretching must be considered solely responsible for their conduct at least during the time when they were *pro se*, during which time they did not (and still have not endeavored to) comply with the Defendants' discovery requests. To be sure, the reality of litigation where *pro se* litigants are involved demands opposing counsel to go even beyond "the extra mile." Here, the Defendants did not re-issue or reiterate their discovery requests after the initial request. Specifically, Defendants never filed a motion to compel, and neither did they re-serve the discovery requests on the Plaintiffs after the Court granted Plaintiffs' counsels' Motion to Withdraw and the Plaintiffs were proceeding *pro se*.

**(2)    The prejudice to the Defendants caused by the failure to meet scheduling orders and respond to discovery**

Defendants assert that they have been prejudiced by the Plaintiffs' persistent inaction because of the difficulty the Defendants will face in attempting to prepare for trial without the benefit of any discovery. For purposes of the Poulis analysis, "prejudice" does not mean "irremediable harm," but the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial. Roman v. City of Reading, 121 Fed. Appx. 955, 959 (3d Cir. 2005) (delay in responding to interrogatories and document requests

prejudicial because defendant was left with little time to prepare); Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003) (refusal to provide damages calculation until eve of trial sufficiently prejudicial because defendant had to file motion to compel, motion to preclude evidence at trial, and ability to prepare full and complete defense was impeded).

Here, under the current scheduling order, the Defendants would be prejudiced by Plaintiffs' non-compliance with the deadlines, and this factor would lean heavily towards dismissal. Fact discovery closed on May 1, 2006, expert witness discovery is to take place during June 2006. Dispositive motions are due by July 14, 2006, and the case is scheduled for the Court's trial pool on September 19, 2006. Thus, this factor seems to weigh heavily in favor of dismissal because the fact discovery period has closed, and the Plaintiffs have not provided any discovery responses at all. The Court does note, however, as mentioned above, that the Defendants have not mitigated any prejudice that comes from Plaintiffs' failure to respond to discovery requests.

**(3)     Plaintiffs' history of dilatoriness**

Defendants argue that Plaintiffs have a long history of dilatoriness and again point to the Plaintiffs' failure to respond to interrogatories or discovery requests and the failure to respond to the Court's Orders regarding their *pro se* or counseled status.

As noted above, Plaintiffs are personally responsible for much of the failure to respond to interrogatories and discovery requests. The history of their dilatoriness, however, seems to extend back to when their counsel first moved to withdraw in September of last year. That is, after the hearing on the motion to withdraw (which Plaintiffs themselves did not attend), Mr. Scretching did not respond in any fashion to any of the Court's orders between October 31, 2005

8

and January 19, 2006. Mr. McLean did not respond to the Court's Orders until December 21, 2005, and, even then, did not fully comply with the Court's directives to submit a sworn statement of intent to proceed *pro se*.

Here, the Court finds that this factor also weighs in favor of dismissal. Despite the Court's best efforts to move the case forward and keep the Plaintiffs informed of the status of the case as represented parties whose attorneys wish to withdraw and as *pro se* plaintiffs, the Plaintiffs have continuously disregarded the orders of the Court. Despite no fewer than four separate orders, Plaintiffs never fully complied with the Court's Orders requiring their sworn statement or the entry of new counsel. Any pseudo-compliance with the Court's directives was in the form of last-minute, intermittent correspondence. The Plaintiffs' non-responsive behavior has culminated in their failure to comply with the Court's most recent Order directing them as *pro se* litigants (who must comply with the Court's Orders to appear since they have elected to be their own counsel) to attend oral argument on a motion to dismiss their case. Despite Plaintiffs' clear understanding of their required attendance, as well as their obvious appreciation of how to contact the Court (see *supra,* note 1), the Plaintiffs failed to notify the Court of their inability to attend the court proceeding until well after the proceeding was completed. Moreover, despite having had the defense discovery requests since July 2005, the Plaintiffs have not yet answered them, or tried to excuse or explain their failure to do so, even when faced with a motion to dismiss for failure to prosecute their case. Thus, the Court finds that Plaintiffs' history of dilatoriness weighs in favor of dismissing their complaint.

   **(4)**   **Whether the conduct of the Plaintiffs was willful or in bad faith**

The Third Circuit Court of Appeals has held that "absence of reasonable excuses may

suggest that the conduct was willful or in bad faith." Roman v. City of Reading, 121 Fed. Appx. 955, 960 (3d Cir. 2005) (citing Ware v. Rodale Press, Inc., 322 F.3d 218, 224 (3d Cir. 2003)). "In the face of court-imposed deadlines, repeated failure to observe court imposed deadlines and total failure to pursue a claim beyond the pleadings may constitute willful conduct." Id. (citing Wade v. Wooten, No. 90-2373, 1993 U.S. Dist. LEXIS 10680, 1993 WL 298715, at *4 (E.D. Pa. July 30, 1993) (Reed, J.) (evaluating the fourth Poulis factor and holding that the "[plaintiff] must be held accountable for his willful failure to pursue his claim beyond the mere pleadings despite being given ample opportunity to comply with this Court's Orders and to respond to defendants' motions"). The Court of Appeals has also stated that "it looks for the type of willful or contumacious behavior which was characterized as flagrant bad faith" or "intentional or self-serving behavior." Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 875-876 (3d Cir. 1994).

      Here, it is not apparent that the Plaintiffs have done anything at all to pursue their claims beyond the pleadings. Moreover, the Plaintiffs have done nothing to explain their failure to comply with the Defendants' discovery requests. They have done nothing to pursue their claims or explain how they intend to do so. Plaintiffs' Response to the Motion to Dismiss is wholly lacking – they make no substantive responses to the assertions of the Defendants or, for that matter, the concerns of the Court. Plaintiffs do not indicate that they will comply, or will try to comply, with the discovery requests. While the Court cannot conclude that Plaintiffs' behavior was done in deliberate bad faith, there certainly is a notable absence of good faith.

      At some point, passive inaction in the face of obligations to undertake action (i.e., respond to discovery, comply with court orders, etc.) becomes at least "intentional or self-serving

behavior" of a willful character amounting to bad faith.  The Court finds these Plaintiffs are now at that point.

**(5) <u>The effectiveness of sanctions other than dismissal</u>**

The Defendants argue that dismissal would be the only effective sanction.  The Defendants argue that monetary sanctions would not work here because the Plaintiffs are not able to comply with such an order.

Here, an order precluding the Plaintiffs from presenting certain evidence would not be of use in this situation as the Plaintiffs have produced virtually no information as to what evidence Plaintiffs may have, and such an order would not assist the Defendants in their need for an outline of the Plaintiffs' case.  An order forbidding the Plaintiffs from conducting further discovery would also not help the Defendants outline the Plaintiffs' evidence.  An assessment of attorney's fees and costs against the Plaintiffs would likely be a hollow effort.  Further, fees and costs would not redress the Defendants' need for an evidentiary outline of the Plaintiffs' case.  For these reasons, it would seem as if standard alternative sanctions are not appropriate in this case, and this factor, too, would weigh in favor of dismissal.

**(6)   <u>The merit of Plaintiffs' claims</u>**

The standard of meritoriousness when reviewing a dismissal is "moderate" in that "a claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." <u>Poulis</u>, 747 F.2d at 869-870.  Where a plaintiff makes out a *prima facie* case, but the defendant raises a *prima facie* defense, the factor may not weigh in favor of the plaintiff.  <u>Id.</u> at 870.  As noted above, Plaintiffs allege in their Complaint that the Defendants illegally sampled their

11

music. The Complaint sets forth six claims: conversion, conspiracy, concerted action, accounting, injunction, and unjust enrichment, but there is simply no way at this juncture to state with any confidence that there is any substance at all to the allegations. As passionately as Plaintiffs allege wrongdoing by Defendants, Defendants deny the allegations. Again, Plaintiffs' failure to meet their discovery obligations handicap the Court's evaluation of this factor.

**Balancing of the Factors**

Throughout this litigation the Court has remained mindful of the practicalities and realities of litigation with *pro se* litigants. To that end, and as the docket in this case reflects, the Court has attempted to accommodate the Plaintiffs at every turn. The Court remains somewhat confounded – and decidedly not bemused – at the Plaintiffs' continued failures to comply with the Court's Orders or their responsibilities as plaintiffs who seemingly wished at some point to press a claim in this court. The Plaintiffs have consistently responded to the Court's Orders with only intermittent correspondence regarding the Plaintiffs' stated desire to continue prosecuting the case. Despite these words of action, however, the Plaintiffs have not attended the court-ordered oral argument and have made no efforts to respond to the discovery, at great prejudice to the Defendants. It is far from clear how these Plaintiffs would propose to conduct a trial on their claims.

On balance, the weight of the factors discussed above would seem to be in favor of dismissal, but in a "close case, doubts should be resolved in favor of reaching a decision on the merits." Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 878 (3d Cir. 1994) (citation omitted). The Court finds that, giving every conceivable benefit of the doubt to Plaintiffs at this juncture, this is such a case. In an attempt to, once again,

accommodate the *pro se* Plaintiffs, and being mindful that the Defendants complain of prejudice but have not used tools available to protect themselves from such prejudice, the Court finds that a proper and appropriate solution to the issues presented is for the Defendants to re-serve the Plaintiffs themselves with Defendants' defensive discovery requests of July 14, 2005.  Plaintiffs will then have thirty (30) more days from the date of such service to substantively respond to those discovery requests.  The Court believes that giving Plaintiffs what amounts to almost a year *in toto* to respond to discovery is more than fair.  The Plaintiffs shall fully respond to the interrogatories as well as the requests for document production served by the Defendant.  Should the Plaintiffs fail to respond, or fail to substantively respond to the requests, the Court will at that time entertain a renewed motion for dismissal for lack of prosecution.  The Plaintiffs should not expect yet further indulgences if they have not fully answered the interrogatories and produced the requested documents.

### III.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss for Failure to Prosecute will be denied.  An appropriate Order consistent with this Memorandum follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YOUNG MANNY SCRETCHING p/k/a "NITRO DELUX", et al., | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| BIZMONT ENTERTAINMENT, LLC d/b/a BIZMONT ENTERTAINMENT, et al., | : | |
| Defendants | : | NO. 05-cv-0456 |

**ORDER**

AND NOW, this 9th day of June, 2006, upon consideration of Defendants' Motion to Dismiss for Failure to Prosecute Pursuant to Federal Rule of Civil Procedure 41(b) (Docket No. 30), and the Plaintiffs' Response thereto (Docket No. 34), it is hereby ORDERED that Defendants' Motion is hereby DENIED. IT IS FURTHER ORDERED that:

(1) Defendants shall serve a copy of this Memorandum and Order and the discovery requests of July 14, 2005 upon each Plaintiff by private delivery service (signed receipt requested) and by first class mail and shall docket proof of such service;

(2) Plaintiffs shall respond substantively and completely to the Defendants' discovery requests no later than thirty (30) days from the date of service of those requests pursuant to this Order. Plaintiffs' responses must be compliant with the Federal Rules of Civil Procedure and must be verified by the affidavit of each Plaintiff to the extent of information or documents provided by such Plaintiff. If Plaintiffs do not so respond within the allotted time period, the Court will consider a renewed

motion to dismiss for failure to prosecute.

                              BY THE COURT:

                              S/Gene E.K. Pratter
                              GENE E.K. PRATTER
                              UNITED STATES DISTRICT JUDGE